MURPHY–PALMER SEEDS, INCORPORATED, Appellant,

v.

Mert L. MITCHELL, Trustee in Bankruptcy, Appellee.

No. 14007.

United States Court of Appeals, Fourth Circuit.

May 11, 1970.

---

1. Pursuant to our Rule 18 this case is decided without oral argument.

Gene H. Kendall, Charlotte, N.C., on brief for appellant.

Robert L. Lindsey, Jr., Charlotte, N.C., on brief for appellee.

Before SOBELOFF and CRAVEN, Circuit Judges, and RUSSELL, District Judge.

PER CURIAM.

Murphy-Palmer Seeds, Inc., appeals from an order of the district court vacating an order of the referee in bankruptcy and remanding to the referee with instructions that he make findings of fact and conclusions of law and adjudge the validity of a lien asserted by Murphy-Palmer against the bankrupt's property. The sole issue presented for review is whether the bankruptcy court has jurisdiction to determine the validity of Murphy-Palmer's asserted lien. We think that it does and affirm.

Murphy-Palmer filed suit in state court against Isbell, the bankrupt, on January 29, 1969. It also filed a state garnishment suit against Isbell's three insurance companies. The purpose of these suits was to obtain certain insurance proceeds due Isbell for losses incurred in a fire. The state suit against Isbell proceeded to default judgment on March 10, 1969. The same day Isbell filed a voluntary petition in bankruptcy. As a result of this petition, Isbell's insurance companies subsequently paid the money they owed Isbell to the Trustee in Bankruptcy. Murphy-Palmer asks that we order the Trustee to pay the insurance proceeds back to the insurance companies and order the district court and referee in bankruptcy to refrain from further interference with the state garnishment suit.

Murphy-Palmer's lien arose during the four month preference period of § 60 of the Bankruptcy Act, 11 U.S.C. § 96. Under § 67(a) (4), 11 U.S.C. § 107, therefore, the bankruptcy court has summary jurisdiction in a proceeding to determine the rights of the parties relative to the lien. See 1 Collier on Bankruptcy ¶ 2.06 at 158. Furthermore, the insurance companies, at the time the voluntary petition was filed, held the pro-

ceeds of the bankrupt's policies, but made no claim to the proceeds. As a result, the bankruptcy court had "constructive possession" of the property and, therefore, summary jurisdiction to determine claims to the property because it was within the court's "custody." See 2 Collier on Bankruptcy ¶ 23.05. Finally,

> where the matters in controversy are directly connected with the basic control of the bankruptcy court over the administration of the estate—such as determination of priorities, proof and allowance of claims, distribution of dividends, and the like

action in nonbankruptcy forums is not warranted, except upon the express consent of the bankruptcy court. 1 Collier on Bankruptcy ¶ 2.07 at 159–168, 169 n. 33.

For the reasons given, therefore, we think the appellant's contention is without merit. The bankruptcy court has jurisdiction to determine the validity of the asserted lien and the district court correctly ordered the referee to proceed.

Affirmed.